# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Tawana Beecham,

    **Plaintiff,**

v.                                                      Case No. 09-2382-JWL

7th Street Casino,

    **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Tawana Beecham, appearing *pro se*, filed this suit against her former employer, defendant 7th Street Casino, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant moves for summary judgment on plaintiff's claims on the grounds that, as an Indian tribe, it is expressly excluded from Title VII's coverage.[1] As will be explained, the court concludes that defendant, under Tenth Circuit case law, qualifies as an Indian tribe for purposes of Title VII's exemption and is therefore exempt from its coverage. The court, then, grants defendant's motion in its entirety.

Defendant 7th Street Casino (hereinafter "the Casino") is a business enterprise wholly owned by the Wyandotte Nation, a federally recognized Indian tribe. Plaintiff Tawana Beecham began her employment with the Casino in February 2009 as a security officer. Less than two months later, the Casino terminated plaintiff's employment. She claims that she was

---

[1] In the alternative, defendant moves for summary judgment based on the doctrine of tribal immunity. Because the court finds that summary judgment is appropriate based on Title VII's Indian tribe exemption, it need not reach the merits of defendant's alternative argument.

discriminated against on the basis of her sex and that she was terminated in retaliation for complaining of discrimination, all in violation of Title VII.

Title VII prohibits employers from engaging in discriminatory practices. Its prohibition, however, applies only to "employers" as that term is defined in the statute:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, *but such term does not include* (1) the United States, a corporation wholly owned by the Government of the United States, *an Indian tribe*, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service . . . .

42 U.S.C. § 2000e(b) (emphasis added). The purpose of Title VII's Indian tribe exemption is "to promote the ability of sovereign Indian tribes to control their own economic enterprises." *Dille v. Council of Energy Resource Tribes*, 801 F.2d 373, 375 (10th Cir. 1986). Consistent with this purpose and the canon that ambiguities are construed in favor of Indian sovereignty, the Tenth Circuit has broadly construed the Indian tribe exemption as exempting not only a single Indian tribe from the requirements of Title VII but also "the activities" of Indian tribes. *See id.* at 374-76.

In *Dille*, for example, the Circuit held that an organization representing the energy resource interests of numerous Indian tribes was a "tribe" for purposes of Title VII's Indian tribe exemption. *Id.* at 376. The court emphasized that the council was an economic enterprise of the type intended to be protected by the exemption, that it was entirely comprised of tribal members, and that its decisions were made by designated tribal representatives. *Id.* at 375-76. Similarly, in *Duke v. Absentee Shawnee Tribe of Oklahoma Housing Authority*, 199 F.3d 1123 (10th Cir.

2

1999), the Tenth Circuit affirmed the district court's conclusion that the Housing Authority–created by the tribe to provide and maintain low-income housing for members of the tribe–constituted an Indian tribe for purposes of Title VII's exemption. *Id.* at 1124. In so holding, the Circuit noted that the Housing Authority "is an enterprise designed to further the economic interests of the Absentee Shawnee tribe, and the tribe has exclusive control over the appointment and removal of its decisionmakers." *Id.* at 1125; *see also Johnson v. Choctaw Managment/Servs. Enterprise*, 2005 WL 2284307, at *1-2 (10th Cir. Sept. 20, 2005) (business enterprise wholly owned by Choctaw Nation constituted "Indian tribe" for purposes of Title VII's exemption).

With respect to the facts of this case, the Tenth Circuit, albeit in an unpublished decision, has recognized that Title VII's Indian tribe exemption applies to a casino that is owned and operated by an Indian tribe. *See Curtis v. Sandia Casino*, 2003 WL 21386332, at *1 (10th Cir. June 17, 2003). In *Curtis*, a former employee of the Sandia Casino sued the casino for discrimination under various federal anti-discrimination statutes, including Title VII. *Id.* The district court dismissed the plaintiff's complaint for lack of subject matter jurisdiction and the Tenth Circuit, relying on its decision in *Duke*, affirmed on the grounds that "Title VII precludes jurisdiction over employment discrimination claims against Indian tribes." *Id.* [2] Implicit in the

---

[2] The Tenth Circuit's decisions in *Duke*, *Curtis* and *Johnson* speak in terms of the district court's lack of subject matter jurisdiction over the particular case in light of the applicability of the exemption and the Casino here maintains that the court lacks subject matter jurisdiction over the case. Pursuant to the Supreme Court's intervening decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional

3

Circuit's holding, then, is the conclusion that a casino wholly owned and operated by an Indian tribe constitutes an "Indian tribe" for purposes of the exemption. Decisions from district courts accord with this conclusion. *See Ferguson v. SMSC Gaming Enterprise*, 475 F. Supp. 2d 929, 931 (D. Minn. 2007) (Title VII's Indian tribe exemption applied to casino owned and operated by federally recognized Indian tribe); *Hartman v. Golden Eagle Casino, Inc.*, 243 F. Supp. 2d 1200, 1202-03 (D. Kan. 2003) (same); *Tenney v. Iowa Tribe of Kansas*, 243 F. Supp. 2d 1196, 1198-99 (D. Kan. 2003) (same).

While plaintiff does not dispute that the Casino is owned and operated by a federally recognized tribe, she purports to "prove that Native Indians are subject to lawsuits" by attaching an internet-generated document entitled "U.S. Supreme Court Update 2001-2002: Cases Involving or Affecting Native Americans." The document purports to summarize those Indian law cases decided by the Supreme Court in the 2001-2002 and those Indian law cases in which a petition for certiorari was granted, pending or denied. In total, the document identifies 30 cases concerning Indian law. While these cases touch on a variety of issues such as tribal sovereign immunity, Indian gaming, mineral rights and taxation, none of these cases concerns the applicability of Title VII's Indian tribe exemption. These cases, then, simply do not alter the court's conclusion that the 7th Street Casino, under Tenth Circuit case law, qualifies as an Indian tribe for purposes of Title VII's exemption such that it is exempt from Title VII. The only other

---

in character."), however, the court concludes that application of Title VII's Indian tribe exemption does not present an issue of subject matter jurisdiction. Rather, whether the Casino is an "employer" for purposes of Title VII is simply an element of plaintiff's claim.

case cited by plaintiff is a Seventh Circuit case, *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477 (7th Cir. 2001), in which a corporation filed a diversity suit against a casino alleging breach of an oral contract. The *Davis* case has no bearing on the issues before this court as it did not involve Title VII and the casino in *Davis* was neither owned nor operated by an Indian tribe. *Davis*, then, does not persuade the court that the 7th Street Casino is subject to Title VII.

For the foregoing reasons, the court is persuaded that defendant 7th Street Casino qualifies as an Indian tribe for purposes of Title VII's exemption and is therefore exempt from Title VII's coverage. The court, then, grants defendant's motion for summary judgment in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. 22) is granted in its entirety.

**IT IS SO ORDERED.**

Dated this 4th day of December, 2009, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

5